CLEVELAND OHIO 44113

| CASE NO.<br>CV02479610 | D1 SPS | SUMMONS NO.<br>2946154 |
|---|---|---|

Rule 4 (B) Ohio

Rules of Civil
Procedure

ADVANCETEC, L.L.C. **PLAINTIFF**
VS

FACILITY PLANNING AND RESOURCES, INC. **DEFENDANT**

**SUMMONS**

FACILITY PLANNING AND RESOURCES INC
1910 COCHRAN ROAD
SUITE 615
PITTSBURGH PA 15220-0000

**Said answer is required to be served on:**



**Plantiff's Attorney**

ELLEANOR H CHIN
4900 KEY TOWER

127 PUBLIC SQUARE
CLEVELAND, OH 44114-1304

**Case has been assigned to Judge:**

ROBERT T GLICKMAN
**Do not contact judge. Judge's name is given for
attorney's reference only.**

| DATE |
|---|
| Aug 23, 2002 |

COMPLAINT FILED    08/23/2002

You have been named defendant in a complaint
(copy attached hereto) filed in Cuyahoga County
Court of Common Pleas, Cuyahoga County Justice
Center, Cleveland, Ohio 44113, by the plaintiff
named herein.

You are hereby summoned and required to
answer the complaint within 28 days after service of
this summons upon you, exclusive of the day of
service.

Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

GERALD E. FUERST
Clerk of the Court of Common Pleas

By _____
Deputy

FACILITY PLANNING AND RESOURCES INC
1910 COCHRAN ROAD
SUITE 615
PITTSBURGH PA 15220-0000

CMSN130





| | DEPOSITED |
|---|---|
| $ *100 00* | AUG 2 3 2002 |

SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

### IN THE COURT OF COMMON PLEAS
### CUYAHOGA COUNTY OHIO

ADVANCETEC L.L.C.
485 Southlake Blvd.
Richmond, Virginia 23236

        Plaintiff,

        v.

FACILITY PLANNING
AND RESOURCES, INC.
1910 Cochran Road
Suite 615
Pittsburgh, Pennsylvania 15220

        Defendant.

CASE NO  CV 02 479610   Complaint

14215815

JUDGE

(EDP)   **COMPLAINT**

**(JURY DEMAND
ENDORSED HEREON)**

CV02479610



14217882

NOW COMES Plaintiff AdvanceTEC L.L.C. ("AdvanceTEC"), by and through its undersigned counsel and states for its Complaint against Defendant Facility Planning and Resources, Inc. ("FPR") as follows:

### INTRODUCTORY STATEMENT

1.    This is an action by a design and building contractor to recover payment due it for expenses incurred during the construction and installation of a specialized facility for microelectronic research purposes at the National Aeronautics and Space Administration's Glenn Research Center ("NASA") in Brookpark, Ohio.

2.     AdvanceTEC subcontracted with FPR to design certain components of and subsequently construct a facility, for which FPR had a primary contract with NASA as owner of the project, to design and construct. During the course of construction, originally scheduled to take sixteen (16) weeks, FPR repeatedly delayed or failed to make progress payments to AdvanceTEC and refused to include AdvanceTEC's full costs in contract modifications. Furthermore, despite agreeing to do so, FPR failed to obtain a payment bond to protect AdvanceTEC's right to payment.

3.     AdvanceTEC is now owed over $80,000. After repeated attempts to secure payment from FPR, and attempts to secure payment directly from NASA, AdvanceTEC is forced to seek relief from the Court in order to receive payment for the services it has rendered in good faith, constructing the facility at NASA, including installation of equipment, costs of labor, payments made to its own subcontractors, delay expenses and costs for additional work.

**THE PARTIES**

4.     Plaintiff AdvanceTEC is a Virginia limited liability company whose principal place of business is at 485 Southlake Blvd., Richmond, Virginia, 23236. AdvanceTEC is an engineering and design firm that designs and constructs specialized, environment-controlled facilities, known as "clean rooms" for clients in the biotechnology, semiconductor and pharmaceutical industries.

5.     Upon information and belief, Defendant FPR is a Pennsylvania corporation whose principal place of business is at 1910 Cochran Road, Suite 615, Pittsburgh, Pennsylvania, 15220. FPR is an architectural firm specializing in clean room design.

2

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the Defendant in this matter pursuant to Section 2307.382 of the Ohio Revised Code, as the parties have transacted business in Ohio and Defendant contracted to supply goods and services in the State of Ohio.

7.     Venue is proper in this county as Plaintiff and Defendant are parties to a contract that was performed in Cuyahoga County.

## STATEMENT OF THE FACTS

8.     Upon information and belief, on or about April 16, 2001 FPR entered into a contract (the "FPR-NASA Contract") with NASA to design and construct an approximately 1000-square foot clean room facility for microelectronic research purposes (hereinafter the "clean room") at the National Aeronautic and Space Administration's Glenn Research Center in Brookpark, Ohio.

9.     On or about October 23, 2001, AdvanceTEC and FPR entered into a contract pursuant to which AdvanceTEC, who had previously provided consulting services on the clean room project would provide engineering design services to FPR relating to the climate control, contamination control and fire protection components of the clean room.  See October 23, 2001 Agreement Between Design/Builder and Contractor, attached hereto at Exhibit A.

10.     On or about January 9, 2002 AdvanceTEC and FPR agreed to amend the contract to provide for construction of the clean room by AdvanceTEC.  See January 9, 2002 Letter from Thomas E. Hansz to Timothy Loughran, attached hereto as Exhibit B.  (Hereinafter, the contract as amended referred to as "AdvanceTEC-FPR Contract").

3

11.     AdvanceTEC commenced construction of the clean room at NASA's facilities in Brookpark, Ohio on or about January 28, 2002 and continued construction at the clean room site continuously until approximately April 29, 2002.

12.     AdvanceTEC invoiced FPR for work performed, as provided by the agreement of the parties, but FPR's progress payments were insufficient to cover the balance outstanding on AdvanceTEC's invoices.

13.     On or about April 25, 2002 FPR failed to make payment due on AdvanceTEC's March 2002 invoice, instead offering partial payment and a purported "promissory note".

14.     On April 29, 2002 AdvanceTEC advised FPR that it required full payment of AdvanceTEC's March and April invoices and assurances of FPR's ability to pay, or AdvanceTEC would be compelled to cease its operations at the clean room site. See April 29, 2002 letter of Timothy Loughran to Thomas Hansz, attached hereto as Exhibit C.

15.     FPR failed or refused to make full payment and provide assurances of its ability to pay and AdvanceTEC ceased construction activities at the clean room site on or about April 30, 2002 through May 3, 2002.

16.     On or about May 8, 2002, after discussions between the parties and representatives of NASA, the parties entered into an written agreement, drafted by FPR, whereby FPR would obtain a payment bond to secure AdvanceTEC's right to be paid on the AdvanceTEC-FPR contract and FPR would pay costs of construction remobilization at the clean room site. See Handwritten Agreement between Thomas Hansz and Tim Loughran, attached hereto as Exhibit D ("May 2002 Agreement").

17.     AdvanceTEC remobilized at the clean room site on or about May 3, 2002 and continued construction in good faith, relying on FPR's representation that it would secure a bond

4

protecting AdvanceTEC's right to be paid, and completed construction, leaving the site on or about June 7, 2002.

18.     FPR failed to secure a payment bond, despite its obligation to do so and repeated requests from AdvanceTEC that FPR obtain the bond.

19.     AdvanceTEC incurred both delay expenses and additional work charges before and after May 3, 2002, including costs resulting from changes in the scope of work performed and additional costs for its subcontractors. AdvanceTEC timely advised FPR of all additional changes and invoiced FPR accordingly.

20.     FPR subsequently attempted to submit contract modifications to AdvanceTEC for the AdvanceTEC-FPR contract that failed to include delay expenses and additional work charges incurred by AdvanceTEC and thus failed to reflect AdvanceTEC's full contract value.

21.     AdvanceTEC has failed to make modifications to the FPR-NASA contract to reflect AdvanceTEC's full contract value for delay expenses and additional work.

22.     AdvanceTEC's full contract value is $1,438,414.38, of which $83,202.10 is outstanding.

23.     NASA now holds payment in excess of $100,000 due to FPR. On information and belief, the amount of FPR's obligations, including payments due on the AdvanceTEC-FPR contract, exceeds the amount due FPR.

24.     AdvanceTEC has repeatedly requested payment of outstanding invoiced amounts from FPR, which FPR has refused to pay, despite its obligations to do so.

25.     Despite FPR's willful failure to pay amounts owed to AdvanceTEC, AdvanceTEC continued to perform its contract obligations in good faith, including punchlist and warrantee items and has completed all clean room construction as of August 19, 2002.

5

## COUNT I
### (Breach of Contract for the AdvanceTEC-FPR Contract)

26.     AdvanceTEC reasserts and incorporates by reference the allegations in Paragraphs 1 through __ as if fully rewritten herein.

27.     The October 23, 2001 AdvanceTEC-FPR contract provides at that:

> 4.1.1   [FPR] shall pay [AdvanceTEC] in current funds for [AdvanceTEC's] performance of this Agreement, a Contract Sum in the amount to be determined through competitive Subcontractors' proposals subject to additions and deductions as provided in the Contract Documents. This price is associated with the cleanroom modifications and related construction work only[.]

> 4.1.2   Changes in project scope requirements shall be addressed and incorporated into the contract through a process reflective of the change order process outlined in the Owner-Design/Builder Contract.

28.     AdvanceTEC designed mechanical, electrical, fire protection and high purity piping components of the clean room and subsequently constructed the clean room in accordance with the AdvanceTEC-FPR contract as subsequently modified by agreements of the parties, including but not limited to the January 9, 2002 amendment.

29.     AdvanceTEC incurred additional costs for delays and changes in the scope of work, for which it timely invoiced FPR, in accordance with the parties' agreements.

30.     AdvanceTEC has fully performed its obligations under the AdvanceTEC-FPR contract.

31.     FPR has breached the AdvanceTEC-FPR contract by failing to pay invoices submitted by AdvanceTEC for work performed pursuant to the AdvanceTEC-FPR contract.

32.     AdvanceTEC has made due demand for payment under the AdvanceTEC-FPR contract.

33.    AdvanceTEC has been damaged in an amount not less than $83,202.10, plus interest.

## COUNT II
### (Breach of Contract for the May, 2002 Agreement)

34.    AdvanceTEC reasserts and incorporates by reference the allegations in Paragraphs 1 through __ as if fully rewritten herein.

35.    In May 2002, FPR agreed to "secure a payment bond for AdvanceTEC's final payment."

36.    AdvanceTEC resumed construction at the clean room site in reliance on FPR's agreed obligations in the May, 2002 Agreement.

37.    FPR failed to obtain a payment bond securing AdvanceTEC's final payment for design and construction of the clean room.

38.    AdvanceTEC is now due $83,202.10 for work performed in designing and constructing the clean room.

39.    AdvanceTEC has been damaged by FPR's failure to obtain a bond in an amount not less than $83,202.10.

## COUNT III
### (Unjust Enrichment)

40.    AdvanceTEC reasserts and incorporates by reference the allegations in Paragraphs 1 through __ as if fully rewritten herein.

41.    AdvanceTEC designed mechanical, electrical, fire protection and high purity piping components of the clean room and subsequently constructed the clean room at the NASA facility in Brookpark, Ohio.

42.    As a subcontractor to FPR under the FPR-NASA contract, AdvanceTEC has furnished services for which NASA now holds payment for FPR.

43.    By virtue of FPR's receipt of the work and AdvanceTEC's services to FPR, FPR has been unjustly enriched in the amount of not less than $83,202.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AdvanceTEC hereby requests and prays for relief against Defendant FPR as follows:

(a)    That this Court enter judgment in favor of AdvanceTEC against Defendant FPR in the amount of not less than $83,202.10, plus pre- and post-judgment interest.

(b)    That this Court award AdvanceTEC its attorneys' fees, expenses and such other relief as the Court may deem just and appropriate.

Elleanor H. Chin (0070721)
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500

Attorneys for Plaintiff AdvanceTEC L.L.C.

## JURY DEMAND

Plaintiff AdvanceTEC hereby demands a trial by jury on all issues stated in the above Complaint so triable.

One of the Attorneys for
Plaintiff AdvanceTEC L.L.C.

8

A

Design/Builder – Co(   .or Agreement

Cleanroom Renovation in Building 77
NASA – Glenn Research Center

## Agreement Between
## Design/Builder and Contractor

**AGREEMENT**
made as of the twenty-third day of October in the year of Two Thousand and One.

**BETWEEN** the Design/Builder:   Facility Planning & Resources, Inc.
                                  2101 Greentree Road
                                  Pittsburgh, PA  15220

and the Contractor:              AdvanceTEC, LLC
                                 485 Southlake Boulevard
                                 Richmond, VA  23236

For the following Project:       Design/Build Services for FY01 rehabilitation and
                                 modification to clean rooms Instrument Laboratory Building
                                 #77, NASA Glenn Research Center, Cleveland, Ohio.

The Owner is:                    National Aeronautics and Space Administration
                                 Glenn Research Center
                                 21000 Brookpark Road
                                 Cleveland, OH  44135

The Architect is:                Facility Planning & Resources, Inc.
                                 2101 Greentree Road
                                 Pittsburgh, PA  15220

The Design/Builder and the Contractor agree as follows:

The Contractor is responsible for providing Mechanical, Fire Protection, Piping and Electrical Engineering design; pre-design construction evaluations and construction cost estimating, construction scheduling and construction phase services for this project. This work is based upon the requirements contained in Owner-Design/Builder Contract (NAS3-01149), dated April 16, 2001, attached by reference, and authorized under a Modification No. 3 dated 10 October 2001, attached as Exhibit No. 1, and future Modifications as issued by the Owner.

### ARTICLE 1
### THE CONTRACT DOCUMENTS

**1.1     BASIC DEFINITIONS**

1.1.1     The Contract Documents consist of this Agreement, the Drawings, Specifications and other documents identified in the Owner's Modification No. 03; the Owner's Summary of Work and Cleanroom specifications as issued prior to this agreement; and modifications and construction documents issued after execution of this Agreement and agreed to by the Owner, the Design/Builder and the Contractor.

1.1.2     A Modification is a written amendment to this Agreement signed by both parties; a Change Order authorized by the Owner; or a Construction Change Directive issued by the Design/Builder.

1.1.3     The term "Work" means the construction and services required by the Contract Documents, whether completed or partially completed, and includes all other labor, materials, equipment and services provided or to be provided by the Contractor to fulfill the Contractor's obligations. The Work may constitute the whole or a part of the Project.

## ARTICLE 2
## THE WORK OF THIS CONTRACT

2.1    The Contractor shall provide those services set forth in this Agreement from the 35% level of completion, dated 17 July 2001, until completion of the construction and satisfactory certification by a third party testing company.

2.2    The Contractor shall execute the entire Work described in the Contract Documents, except to the extent specifically indicated in the Contract Documents to be the responsibility of others, or as follows:

    2.1.1    Work provided under the Modification No. 2 (Exhibit No. 1) are for design and pre-construction services only.

    2.1.2    Other engineering and construction companies provided services provided from 01 May 2001 up to the completion of 35% design on 17 July 2001.

    2.1.3    The work scope clarifications enumerated in the Contractor's Scope Recap dated 21 August 2001 lists items that are included and excluded in the Contractor's general understanding of the Work to be provided. This Scope Recap is attached to this Agreement as Exhibit No. 2.

## ARTICLE 3
## DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

3.1    The date of commencement of the Work is 17 July 2001, which was designated in a verbal notice to proceed issued by the Design/Builder. Services provided by the Contractor previous to the date of this agreement are acknowledged and are a part of this Work.

3.2    The Contractor shall achieve Substantial Completion of the entire Work not later than 30, May 2001, subject to adjustments of this Contract Time as provided in the Contract Documents, and approved by the Owner.

## ARTICLE 4
## CONTRACT SUM

4.1    **FIXED PRICE**

4.1.1    Design/Builder shall pay the Contractor in current funds for the Contractor's performance of this Agreement, a Contract Sum in the amount to be determined through competitive Subcontractors' proposals subject to additions and deductions as provided in the Contract Documents. This price is associated with the cleanroom modifications and related construction work only

4.1.2    Changes in project scope requirements shall be addressed and incorporated into the contract through a process reflective of the change order process outlined in the Owner-Design/Builder Contract.

## ARTICLE 5
## ACCOUNTING RECORDS

5.1    The Contractor shall keep full and detailed accounts and exercise such controls as may be necessary for proper financial management under this Part 2 Agreement, the accounting and control systems shall be satisfactory to the Design/Builder. The Design/Builder and the Design/Builder's accountants shall be afforded access to the Contractor's records, books, correspondence, instructions, drawings, receipts, subcontracts, purchase orders, vouchers,

memoranda and other data relating to this Agreement, and the Contractor shall preserve those for a period of three (3) years after final payment, or for such longer period as may be required by law.

## ARTICLE 6
## PROGRESS PAYMENTS

6.1 Based upon Applications for Payment submitted to the Design/Builder by the Contractor and Certificates for Payment issued by the Design/Builder, the Design/Builder shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

6.2 The period covered by each Application for Payment shall be one (1) calendar month ending on the last day of the month.

6.3 Provided an Application for Payment is received by the Design/Builder not later than the Twenty-Fifth (25th) day of a month, the Design/Builder shall make payment to the Contractor not later than the Thirtieth (30th) day of the following month. If an application for payment is received by the Design/Builder after the application date fixed above, payment shall be made by the Design/Builder not later than Forty-Five (45) days after the Design/Builder receives the Application for Payment.

6.4 Each Application for Payment shall be based upon the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents.

6.5 Application for Payment shall show the percentage completion of each portion of the Work as of the end of the period covered by the Application for Payment.

## ARTICLE 7
## FINAL PAYMENT

7.1 Final payment shall be made by the Design/Builder to the Contractor when this Agreement has been fully performed by the Contractor, and approved by the Owner, except for the Contractor's responsibility to correct defective or nonconforming Work and final acceptance of the work has been acknowledged by the Owner. Such final payment shall be made by the Design/Builder not more than 30 days after the Owner's acceptance of the work.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

8.1 Where reference is made in this Agreement to a provision of the General Conditions or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

8.2 25% Self Performed Work Requirement: The Owner has a requirement that 25% of the project work be performed by the Contractor's own forces. Due to the nature of this project, the Contractor will not be required to perform the specified 25% of the work with its own forces.

8.3 Insurance Requirements: Contractor shall provide evidence of appropriate insurance to the Design/Builder and the Owner. The Design/Builder will be listed as an Additional Insured on the policy.

8.4 No building permits are required.

10/23/01

8.5    Performance and Payment Bonds are to be provided by Contractor's Subcontractors.

8.6    Certified Payrolls are required.

8.7    The Owner has a policy of 8% for minority and women-owned businesses participation to be achieved on projects. Because of the nature of this project the Owner is aware that this goal may not be achieved. The Contractor shall, however, be cognizant of the Owner's goal and work towards that end where possible.

## ARTICLE 9
## TERMINATION OR SUSPENSION

9.1    If the Agreement between the Owner and the Design/Builder is terminated, the Design/Builder may terminate this Agreement without cause.

9.2    The Contractor as provided in the General Conditions, AIA 201 document, may terminate this Agreement.

9.3    This Agreement may be terminated by the Design/Builder for cause; however, the amount, if any, to be paid to the Contractor under the General Conditions shall not exceed the amount previously approved by the Owner.

## ARTICLE 10
## ENUMERATION OF CONTRACT DOCUMENTS

10.1   The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows

| Document | Title |
| --- | --- |
| CF176560 | Cover Sheet and Index |
| **Demolition** | |
| CF176561 | Architectural Demolition Plan (by Architect) |
| CF176562 | Mechanical & Electrical Demolition Plan (by Contractor) |
| **Architectural (by Architect)** | |
| CF176563 | Cleanroom Floor Plan |
| CF176564 | Cleanroom Reflected Ceiling Plan |
| CF176565 | Building Section |
| CF176566 | Roof Plan |
| CF176567 | Roof Details |
| CF176568 | Building Elevations (used under a previous Contract) |
| CF176569 | Finish / Opening Schedule |
| CF176570 | Second Floor Plan |
| CF176571 | Cleanroom Sections |
| **Structural (by Architect)** | |
| CF176572 | Cleanroom Roof Framing Plan |

Case: 1:02-cv-01839-JMM  Doc #: 1-1  Filed: 09/19/02  15 of 28.  PageID #: 18
Design/Builder – Cont___ r Agreement                                          Cleanroom Renovation in Building 77
                                                                              NASA – Glenn Research Center

**Mechanical (by Contractor)**

| | |
|---|---|
| CF176573 | HVAC - Legend and Symbols |
| CF176574 | HVAC - Air Flow Diagram |
| CF176575 | HVAC - Reflected Ceiling Plan (Not Used @ 65% Submittal) |
| CF176576 | HVAC – Interstitial Plan |
| CF176577 | HVAC – Roof Plan |
| CF176578 | HVAC – Section |
| CF176579 | HVAC – Chilled Water Flow Diagram |
| CF176580 | HVAC – Steam & Condensate Flow Diagram |
| CF176581 | HVAC – Schedules |

**High Purity Piping (by Contractor)**

| | |
|---|---|
| CF176582 | RM 219 Equipment & Piping Plan |
| CF176583 | Third Floor Process Piping Plan |
| CF176584 | Not used @ 65% Submittal |

**Fire Protection (by Contractor)**

| | |
|---|---|
| CF176585 | Not used @ 65% Submittal |
| CF176586 | Not used @ 65% Submittal |

**Electrical (by Contractor)**

| | |
|---|---|
| CF176587 | General Notes & Specifications |
| CF176588 | Electrical Panel Schedules |
| CF176589 | Electrical Receptacle Plan |
| CF176590 | Cleanroom Lighting Plan |
| CF176591 | Electrical One Line Diagram |
| CF176592 | Cleanroom FFU Wiring Plan |
| CF176593 | Electrical Room - Partial Plan |
| CF176594 | HVAC Roof Plan – Electrical Power |
| CF176595 | Not Used @ 65% Submittal |
| CF176596 | Not Used @ 65% Submittal |
| CF176597 | Not Used @ 65% Submittal |
| CF176598 | Not Used @ 65% Submittal |
| CF176599 | Not Used @ 65% Submittal |

10.2   The specifications are those Architectural and Structural Specifications prepared by the Architect and the Mechanical, Electrical, Fire Protection, High Purity Piping and Electrical Specifications prepared by the Contractor and dated 23 October 2001.

This Agreement is entered into as of the day and year first written above and is executed in at least three (2) original copies of which one is to be delivered to the Contractor, and one to the Design/Builder.

**Design/Builder:**

Thomas E. Hansz, AIA, President
Facility Planning & Resources, Inc.

**Contractor:**

Timothy Loughran, President
AdvanceTEC, LLC

B

09 January 2002

Timothy Loughran
AdvanceTEC LLC
485 Southlake Blvd.
Richmond, VA 23236

Re:     NASA Building 77 Cleanroom NAS3-01149
        Glenn Research Center  Cleveland, OH

Dear Tim:

Attached is a copy of Exhibit 3, which modifies the agreement between AdvanceTEC and FPR, dated 23 October 2001.  Exhibit 3 is comprised of Modification Number Four (04) to the original agreement between NASA and FPR. This modification increases our contract amount and authorizes us to proceed with construction of the cleanroom.

Accordingly, the agreement between AdvanceTEC and FPR is modified.

Article 4, Contract Sum, is modified to read as follows:
4.1.3   Based upon both NASA's and FPR's approvals of the Construction Documents, and bids received from Subcontractors, the Fixed price of this work shall be One Million Two Hundred Seventy-Nine Thousand One Hundred Seventy-Five dollars, ($1,279,175.00)

**FACILITY PLANNING & RESOURCES**

| | | |
|---|---|---|
| 4.1.3.1 | Construction and Certification Services | $1,180,775.00 |
| 4.1.3.2 | Mechanical & Electrical Engineering | $85,000.00 |
| 4.1.3.3 | Cost Estimating Services | $13,400.00 |

1,279,175.°°

Article 10, Enumeration of Contract Documents, is modified as follows:
10.3    The list of Drawings and the List of Specifications are according to Exhibit 3 of this agreement.

Modification Four allows for the completion of construction and successful certification by 31 May 2002.

Please sign both copies of this letter, signifying your agreement to the modifications to our contract. Return one signed copy and the attached Exhibit 3 to this office.

The Pre-Construction Meeting, along with the Client Meetings that preceded and followed, went very well. Our Client is extremely pleased with the work to date and especially with the Pre-Construction Meeting.

Best regards,

Thomas E. Hansz, AIA, President
Facility Planning & Resources, Inc.

Timothy Loughran, President
AdvanceTEC, LLC

TEH/pm

attachment

2101 Greentree Road
Pittsburgh, PA  15220

412 278 8000

fax:
412 278 3771

www.fprinc.com

Design/Builder – Contractor Agreement

Cleanroom Renovation in Building 77
NASA – Glenn Research Center

# EXHIBIT 3

## MODIFICATION NUMBER FOUR
NASA Contract No. NAS3-01149
08 January 2002

Case: 1:02-cv-01839-JMM Doc #: 1-1 Filed: 09/19/02 19 of 28. PageID #: 22

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | | | 1. CONTRACT ID CODE<br>NAS3-01149 | PAGE<br>1 of 05 |
|---|---|---|---|---|---|

| 2. AMENDMENT/MODIFICATION NO.<br>Modification Number Four (04) | 3. EFFECTIVE DATE<br>08/JAN/02 | 4. REQUISITION/PURCHASE NO.<br>SEE BLOCK 7 BELOW | | 5. PROJECT NO. (if applicable)<br>Final Design |
|---|---|---|---|---|

| 6. ISSUED BY | CODE | 0616/Lupson | 7. ADMINISTERED BY (If other than Item 6) | CODE |
|---|---|---|---|---|
| NASA Glenn Research Center<br>Construction & Services Branch M.S. 50-3<br>21000 Brookpark Road<br>Cleveland, OH 44135-3191 | | | 183072[c] / 192658[c] / 192720[p] | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and Zip Code) | | | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|---|
| Facility Planning & Resources<br>2101 Greentree Road<br>Pittsburgh, PA 15220 | (KX)(37) | ☐ | |
| | | | 9B. DATED (SEE ITEM 11) |
| | | ☒ | 10A. MODIFICATION OF CONTRACT/ORDER NO.<br>NAS3-01149 |
| | | | 10B. DATED (SEE ITEM 13)<br>16/Apr/01 |
| CODE | FACILITY CODE | | |

### 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended.
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning ___ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 1. ACCOUNTING AND APPROPRIATION DATA (If required) 9760-9901-400-22-9-38-00-3212 4000 Obligate: $5,000.00 |
|---|
| 4897-2000-400-22-1-37-00-3213 4000 Obligate: $1,294,668.00      Total Obligation: $1,299,668.00 |

### 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS,<br>IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| ☐ | A | THIS CHANGE ORDER IS ISSUED PURSUANT TO (Specify authority)    THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|---|
| ☐ | B | THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (Such as changes in paying office, appropriation date, etc.)    SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| x | C | THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: Federal Acquisition Regulations (FAR) clauses 52.233-1 entitled "Disputes", 52.243-4 entitled "Changes" and mutual agreement |
| ☐ | D | OTHER (Specify type of modification and authority) |

**E. IMPORTANT:** Contractor is required to sign this document and return ONE copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

# (SEE ATTACHED PAGES)

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15a. NAME AND TITLE OF SIGNER (Type or print)<br>THOMAS E. HANSZ    President | 15a. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)<br>Lupson, Erick N. / Contracting Officer | |
|---|---|---|
| 15B. CONTRACTOR/OFFEROR<br>BY _(Signature of person authorized to sign)_ | 15C. DATE SIGNED<br>08 JAN 2002 | 16B. UNITED STATES OF AMERICA<br>BY _(Signature of Contracting Officer)_ | 16C. DATE SIGNED<br>08/JAN/02 |

| NSN 7540-01-152-8070<br>PREVIOUS EDITION NOT USABLE | 30-105 | STANDARD FORM 30 (REV. 10-83)<br>Prescribed by GSA<br>FAR (48 CFR) 53.243 |
|---|---|---|

Modification Number Four (04)

**WHEREAS,** The Government has directed or requested certain changes in the contract specifications be made through contract change orders or request for proposal(s), and the Contractor has submitted the appropriate proposals or claims for the additional work requested;  and

**WHEREAS,** The Parties hereto have negotiated and agreed to an equitable adjustment in the contract firm fixed price amount;

**NOW THEREFORE,** In consideration of the premises and of the obligations herein set forth, the parties hereto do mutually agree as follows:

" Proposal/RFP/RFI/CO's:

The Contractor's proposals dated December 18, 2001 is hereby incorporated by reference and made a part hereof.  The proposal for the construction of the clean room at $1,299,668.00.

**TOTAL FIXED PRICE**                                   $1,299,668.00"

The Total Contract Fixed Price Amount is increased $1,299,668.00 from $484,618.00 to $1,784,286.00.

The Period Of Performance is extended to **May 15, 2002.**  @TEH .
                                                   May 31, 2002

The Parties hereto acknowledge and agree that any and all claims for equitable adjustment of the contract price and time pursuant to the provisions of the clause(s) 52.243-04 entitled ACHANGES", and 52.233-01 entitled "DISPUTES" and Mutual Agreement are hereby fully satisfied and discharged with respect to this Supplemental Agreement Number Four (04).

[END OF MODIFICATION]

## LIST OF DRAWINGS

|  |  |  |
|---|---|---|
|  | CF176560 | Cover Sheet and Index |
| **DEMOLITION** | **CF176561** | **Architectural Demolition Plan** |
|  | CF176562 | Mechanical, Electrical & Piping Demolition Plan |
|  | CF176563 | **Fire Protection Demolition Plan** |
| **ARCHITECTURAL** | **CF176564** | **Cleanroom Floor Plan** |
|  | CF176565 | Cleanroom Reflected Ceiling Plan |
|  | CF176566 | Building Section |
|  | CF176567 | Roof Plan |
|  | CF176568 | Finish & Opening Schedules |
|  | CF176569 | Cleanroom Details |
|  | CF176570 | Cleanroom Sections |
| **STRUCTURAL** | **CF176571** | **Roof Framing Plan** |
| **MECHANICAL** | **CF176572** | HVAC - Legend and Symbols |
|  | CF176573 | HVAC - Air Flow Diagram |
|  | CF176574 | HVAC – Sequence of Operations & Controls |
|  | CF176575 | HVAC – Interstitial Plan |
|  | CF176576 | HVAC – Mechanical Roof Plan |
|  | CF176577 | HVAC – Mechanical Sections |
|  | CF176578 | HVAC – Chilled Water Flow Diagram |
|  | CF176579 | HVAC – Steam & Condensate Flow Diagram |
|  | CF176580 | HVAC – Schedules |
| **HIGH PURITY PIPING** | **CF176581** | **Process Piping P&ID** |
|  | CF176582 | Cleanroom Piping Plan |
|  | CF176583 | Process Piping Sections |
|  | CF176584 | Process Piping Sections |
| **FIRE PROTECTION** | **CF176585** | **Fire Protection Plan** |
| **ELECTRICAL** | **CF176586** | **Electrical Legend & Symbols** |
|  | **CF176587** | **Electrical Panel Schedules** |
|  | CF176588 | Electrical Receptacle Plan |
|  | CF176589 | Lighting Plan |
|  | CF176590 | Electrical One Line Diagram |
|  | CF176591 | Cleanroom FFU Wiring Plan |
|  | CF176592 | Electrical Room - Partial Plan |
|  | CF176593 | Electrical Roof Plan |

**FACILITY PLANNING & RESOURCES**

Drawings CF176594 through CF1765949 are either used for the Roof Replacement work or are not used at this time.

LIST OF SPECIFICATION SECTIONS

**DIVISION 1**
01100  Summary of Work
01120  List of Drawings
01180  Cleanroom Construction Protocol
01732  Selective Demolition

**DIVISION 2**
02085  Asbestos Abatement
02090  Removal of Lead Base Paint

**DIVISION 4**
04810 Unit Masonry Assemblies

**DIVISION 5**
05500  Metal Fabrication

**DIVISION 7**
07270  Fire Stopping
07720  Roof Curbs
07920  Joint Sealants

**DIVISION 8**
08110  Doors and Frames
08460  Automatic Cleanroom Doors
08710  Door Hardware
08800  Glazing

**DIVISION 9**
09511  Acoustical Panel Ceilings
09652  Sheet Vinyl Flooring & Base
09800  Epoxy Flooring
09900  Painting

**DIVISION 10**
10522  Fire Extinguishers and Cabinets

**DIVISION 13**
13009  Cleanroom Testing &Certification
13030  Cleanroom Ceiling Grip
13521  Cleanroom Wall and Ceiling Panels
13550  Fan Filter Units

**DIVISION 15**
15023  Codes and Standards
15050  Basic Mechanical Materials and
           Methods
15060  Hangers and Supports
15064  High Purity Process Piping Systems
15066  High Purity Stainless Steel Tubing Systems
15075  Mechanical Identification
15083  Pipe Insulation
15100  Valves
15122  Meters and Gauges
15181  Hydronic Piping
15185  Hydronic Pumps
15815  Metal Ducts
15820  Duct Accessories
15837  Centrifugal Fans
15894  Metal Process Exhaust Ductwork
15895  FRP Ductwork
15990  HVAC Testing, Adjusting, Balancing

**DIVISION 16**
16010  Electrical General Provisions
16110  Raceways and Fittings
16120  Wire and Cable (600 Volt Maximum)
16131  Pull and Junction Boxes
16134  Switch and Outlet Boxes
16140  Wiring Devices
16150  Motors and Appliances
16190  Supporting Devices
16440  Safety Switches
16450  Grounding
16462  Distribution "K-Type" Transformers for Non-
           Linear Loads
16470  Panelboards
16475  Molded Case Circuit Breakers
16480  Motor Starters
16510  Lighting Systems
16760  Inter-communications System

FACILITY
PLANNING &
RESOURCES

Modification Number Four (04)

# PROJECT SCHEDULE

14 December 2001

FACILITY
PLANNING &
RESOURCES

| Activity | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PROJECT INITIATION PHASE** — Planned / Actual | | | | | | | | | | | | | |
| **PROGRAM REVIEW PHASE** — Planned / Actual | | | | | | | | | | | | | |
| **SCHEMATIC DESIGN PHASE** — Planned / Actual | | | | | | | | | | | | | |
| **35% DESIGN PHASE** — Planned / Actual | | | | | | | | | | | | | |
| Test 35% cost estimate / revise 35% design and estimate | | | | | | | | | | | | | |
| **60% DESIGN PHASE** — Planned / Revised | | | | | | | | | | | | | |
| Identify long lead items | | | | | | | | | | | | | |
| document systems specification | | | | | | | | | | | | | |
| Incorporate value engineering improvements | | | | | | | | | | | | | |
| 60% construction documents review | | | | | | | | | | | | | |
| finalize cost submit & update | | | | | | | | | | | | | |
| NASA review & approve construction documents | | | | | | | | | | | | | |
| **90% DESIGN PHASE** — Planned / Revised | | | | | | | | | | | | | |
| finalize systems specification | | | | | | | | | | | | | |
| finalize construction documents | | | | | | | | | | | | | |
| Issue Scope of Work documents to Subcontractors | | | | | | | | | | | | | |
| NASA receive construction documents | | | | | | | | | | | | | |
| **CONSTRUCTION PHASE** | | | | | | | | | | | | | |
| Cleanroom Planned | | | | | | | | | | | | | |
| Roof Replacement Planned / Roof Replacement Finished | | | | | | | | | | | | | |
| mobilize on site | | | | | | | | | | | | | |
| pre-construction meeting | | | | | | | | | | | | | |
| construction on-site and payment applications | | | | | | | | | | | | | |
| review punch list items | | | | | | | | | | | | | |
| certify substantial completion | | | | | | | | | | | | | |
| cleanroom certification process | | | | | | | | | | | | | |
| certify final payment | | | | | | | | | | | | | |
| submit statement of project completion | | | | | | | | | | | | | |



C



**AdvanceTEC**
Advanced Technology, Engineering & Construction

29 April 2002 **FILE COPY**

Thomas Hansz
Facility Planning and Resources, Inc.
1910 Cochran Rd.
Suite 615
Pittsburgh, PA 15220

*Ref:   AdvanceTEC Project No. 2018*
*NASA Building 77 Cleanroom Project*
*NASA Contract No. NAS3-01149*

Dear Tom,

AdvanceTEC is in receipt of your Check No. 3970 in the amount of $417,839.15, for payment against invoice No. 2018-7, in the amount of $502,494.70. Please be advised that your partial payment cannot be accepted as payment for funds due, and AdvanceTEC has no option but to stop construction (effective Friday 4/26/02) until such time as the outstanding balance is brought current, and an alternate method for payment guarantee can be reached for future payments due. We are forced to take this action for the following reasons:

1. We are not being paid in accordance with Article 6 of the contract document.
2. Payment of our March invoice has deducted funds for work that was in place at the time of invoicing, and that NASA had approved change orders for. FPR's failure to submit an appropriate invoice to NASA is not AdvanceTEC's responsibility.
3. AdvanceTEC cannot accept a "Promissory Note" in the amount of $33,500.00 as payment for funds past due on our March invoice. FPR's pledge of proceeds from the NASA contract, does not leave our organization with any security of payment, as that amount, in all likelihood, exceeds the funds due FPR (less subcontractor and supplier payments). More importantly, it leaves AdvanceTEC with no lien rights.
4. FPR's lack of $33,000.00 in working capital, mutually agreed contractually due AdvanceTEC, severely undermines AdvanceTEC's confidence in your cash flow going forward, and in our ability to close out payment in a timely fashion.
5. FPR does not have a 100% payment bond or letter of credit in place to insure AdvanceTEC payment.

In order to proceed further with work AdvanceTEC must have written assurances from FPR and NASA guaranteeing payment for the following:

1. Our outstanding balance for our March invoice, in the amount of $84,655.55


### AdvanceTEC
Advanced Technology, Engineering & Construction

2. Our April invoice in the amount of $369,122.73
3. Our balance to complete, in the approximate amount of $158,389.25
4. Cost incurred by AdvanceTEC and subcontractors for remobilization due to stopping work.

We regret we have been put in this position but we feel we have no option but to protect our financial position and responsibility to our subcontractors and bonding agent. Please contact me if you have questions regarding our position. We await your formal response as to how to proceed.

Sincerely,

Tim Loughran
Managing Partner
AdvanceTEC, LLC

Cc:     Eric Lupson- NASA Contracting Officer via fax 216-433-8000
        John Burton – AdvanceTEC
        Michael Marchione - AdvanceTEC
        2018- Project file
ENC:  FPR Correspondence Dated 4/25/02
        FPR Promissory Note Dated 4/26/02

D

FAX

TO: ALICIA

FROM: TOM

ALICIA: PLEASE TYPE THE FOLLOWING ON A MEMO FORM, DATED TUES. SE 07
& SEND TO TIM LOUGHRAN W/ COPIES TO JOE SAGGIO, FRAN BORATO
AND ERICK LUPSON.   SEND VIA E-MAIL, WITH INSERT.


TIM:

THE FOLLOWING ITEMS WERE AGREED TO IN OUR TELEPHONE CONVERSATION
TUESDAY AFTERNOON FOLLOWING THE OWNER'S MEETING. NASA HAS
REQUESTED THAT WE BOTH SIGN THIS MEMO SIGNIFYING OUR MUTAL
AGREEMENT. PLEASE RETURN A SIGNED COPY AND I WILL SIGN IT AND
FORWARD COPIES ON TO NASA AND TO YOU,

□ FPR WILL SECURE A PAYMENT BOND FOR ADVANCETEC'S FINAL
PAYMENT.

□ FPR WILL PAY FOR MUTUALLY AGREED UPON REMOBILIZATION
CHARGES.

□ ERICK LUPSON WILL APPROVE PAYMENT REQUEST 07, DATED 29 APRIL
2002, IMMEDIATELY FOLLOWING OUR MEETING,

□ UPON RECEIVING NOTIFICATION OF THE PAYMENT DATE FOR
PAYMENT REQUEST 07, ERICK LUPSON WILL NOTIFY BOTH
ADVANCETEC AND FPR.

□ ~~THE~~ UPON RECEIVING ⌐NOTIFICATION OF THE PAYMENT DATE, FPR WILL ISSUE
A CHECK TO ADVANCETEC FOR THE OUTSTANDING AMOUNT
OF THE MARCH INVOICE AND THE AMOUNT OF THE APRIL INVOICE. THE
CHECK WILL BE SENT TO ADVANCETEC BY OVERNIGHT DELIVERY.


THOMAS HANSZ                                      TIM LOUGHRAN